FILED
IN CLERKS OFFICE

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

2005 FEB -4  P 4: 14

U.S. DISTRICT COURT
DISTRICT OF MASS.

05  10235  JLT

Kimberly Lawson,  )
Sharlin Lawson,  )
  )
 Plaintiffs,  )
  )  CIVIL ACTION NO.
vs.  )
  )
  ) MAGISTRATE JUDGE _____
Inspiration Subs, LLP,  )
The Quizno's Master, LLC,  )  RECEIPT # 61899
Julio Bobadilla,  )  AMOUNT $150
Jose Bobadilla,  )  SUMMONS ISSUED
Christina Nault,  )  LOCAL RULE 4.1
Leonarda Bobadilla,  )  WAIVER FORM
  )  MCF ISSUED
 Defendants.  )  BY DPTY. CLK.
  )  DATE 2-7-05

## COMPLAINT AND DEMAND FOR TRIAL BY JURY

### Jurisdiction

1. Jurisdiction of Counts I - II is conferred by 28 U.S.C. 1331, as these Counts arise under the laws of the United States.

2. Jurisdiction of Counts III - IV is conferred by pendent and/or supplemental jurisdiction pursuant to 28 U.S.C. 1367.

### Parties

3. The Plaintiff, Kimberly Lawson ("Kimberly"), is a citizen of the Commonwealth of Massachusetts, Norfolk County.

4. The Plaintiff, Sharlin Lawson ("Sharlin"), is a citizen of the Commonwealth of Massachusetts, Norfolk County.

5. The Defendant, Inspiration Subs, LLP ("Inspiration Subs"), is a Massachusetts Limited

Liability Partnership with a principal place of business in Lawrence, MA.

6. The Defendant, The Quizno's Master, LLC ("Quizno's"), is a foreign Limited Liability Company.

7. The Defendant, Julio Bobadilla, is a citizen of the Commonwealth of Massachusetts.

8. The Defendant, Jose Bobadilla, is a citizen of the Commonwealth of Massachusetts.

9. The Defendant, Christina Nault, is a citizen of the Commonwealth of Massachusetts.

10. The Defendant, Leonarda Bobadilla, is a citizen of the Commonwealth of Massachusetts.

## Factual Allegations

11. On or about April 16, 2004 Kim and Sharlin commenced employment with Inspiration Subs and Quizno's as Sandwich Makers at Quizno's Store No. 5521 in Brookline, Massachusetts ("Store 5521").

12. Store 5521 is operated by Inspiration Subs pursuant to a franchise granted to it by Quizno's.

13. At all times during Plaintiffs' employment at Store 5521, Quizno's held itself out to the public as Plaintiffs' employer through the display of the Quizno's logo; by its control and supervision over Inspiration Subs in the operation of Store 5521; by requiring Inspiration Subs to adhere to Quizno's policies and procedures in the operation of Store 5521; and by otherwise exercising significant control over the operations of Store 5521.

14. Christina Nault and Leonarda Bobadilla are the authorized partners of Inspiration Subs.

15. Jose and Julio Bobadilla ("Jose B." and "Julio B.") are the operating managers of Store 5521.

16. Jose B., Julio B., Christina Nault and Leonarda Bobadilla are general partners of Inspiration Subs, hold themselves out as general partners through their participation in the control of Inspiration Subs, and/or are the owners in fact of Inspiration Subs.

17. Kim and Sharlin's first day of work was April 19, 2004.

18. From virtually the commencement of Kim's employment at Store 5521, Julio B. began to engage in unwanted conduct of a sexual nature towards her.

19. During Kim's first week of work, Julio B. asked her numerous questions concerning her relationship with her boyfriend.

20. During this first week, he also began calling Kim "mi amore." Julio B. referred to Kim using this term on several occasions during her employment at Store 5521.

21. During Kim's second week of work, Julio B. reached around her from behind and put her apron on while she was assisting customers.

22. Several days later Julio B., again from behind Kim, pulled her shirt over her buttocks and looked down her pants while telling her to tuck in her shirt.

23. Later that day, Julio B. whispered softly in Kim's ear, "I have to be good my wife is here." On approximately two occasions, Julio B. stated to Kim "Don't tell my wife."

24. During that weekend, Julio B. blew Kim a kiss. She told him not to engage in that type of behavior again.

25. When Julio B. would engage in the above mentioned conduct, Kim would indicate to him that his conduct was unwanted.

26. During Kim's third week of employment, Sharlin (Kim's sister) and Kim both received hourly raises because their work was "outstanding."

27. On another occasion during Kim's third week of employment, when she was on a cigarette break, Julio B. approached her and stated that she should not smoke because "you're not going to taste good when you kiss." Kim immediately left the area.

28. Later that day, after observing the way Julio B. spoke with Kim, a delivery driver asked him if she was his wife. Julio B. responded, "Ya she is. Isn't she beautiful."

29. Later that day, Kim spoke to Julio B. and told him, again, that his conduct was unwelcome.

30. Also during their third week of employment, Julio B. stated to Sharlin on several occasions and in depth that he was attracted to Kim. Sharlin told him to keep his feelings to himself.

31. Also during this period, Julio B. stated to Sharlin that Kim "has a nice ass." Sharlin told him to leave Kim alone in no uncertain terms.

32. On several subsequent occasions, Julio B. stated to Sharlin that he had a real problem because he was attracted to Kim. Sharlin again told him in no uncertain terms to leave her alone.

33. On another occasion, Julio B. found a shirt belonging to Kim. When Sharlin told him it was Kim's shirt, he stated to her, "I want to take it home." He then smelled the shirt and further stated to Sharlin, "I miss your sister already. She's so beautiful." Julio B. in fact took the shirt home with him.

34. Less than a week later, on or about May 12, 2004, Kim and Sharlin's employment was terminated. The stated reason for their termination, a customer complaint, was false and a pretext for unlawful discrimination and retaliation.

35. Shortly after their termination, Kim was told by Christina Nault, Jose B.'s wife and authorized partner of Inspiration Subs, that the customer complaint, which she read to Kim, stated that, "The employees at Quizno's don't smile enough." Neither Sharlin nor Kim were mentioned specifically.

36. Upon information and belief, Jose B., Julio B., Christina Nault and Leonarda Bobadilla jointly participated in and/or agreed with the decision to wrongfully terminate Kim and Sharlin's employment.

37. Julio B. additionally made numerous comments concerning Kim to other employees, including comments concerning Kim's body parts.

38. Shortly before Kim and Sharlin's termination, Sharlin stated to Julio B. on several occasions to stop harassing Kim.

39. Throughout their employment at Store 5521, Kim and Sharlin met and/or exceeded the Respondents' legitimate performance expectations for their positions. Throughout their employment, up until the day of their termination, they received nothing but positive feedback from their supervisors.

40. The above acts of all Defendants have caused Kim and Sharlin to suffer lost income, lost income earning capacity, personal injury including severe emotional distress, and have otherwise damaged them.

COUNT I
Title VII Of the 1964 Federal Civil Rights Act, as Amended
42 U.S.C. 2000e, et seq.
Sexual Harassment and Discrimination
<u>Kim v. All Defendants</u>

41. The Plaintiffs adopt by reference all above allegations, and further allege:

42. All conditions precedent regarding this Count have been compiled with.

43. Kim was subjected to unlawful discrimination by all Defendants in the benefits, terms and conditions of her employment, as set forth above, on the basis of sex.

44. The above described discrimination directed against Kim had the purpose or effect of unreasonably interfering with her work performance and/or creating an intimidating, hostile, or offensive working environment.

45. A reasonable person under the same or similar circumstances would have had her work performance interfered with and/or psychological well-being seriously affected, and Kim's work performance and/or psychological well-being were so affected.

46. All Defendants' above stated conduct was willful, malicious, in bad faith, outrageous, and extraordinary, thereby giving rise to an award of punitive damages.

WHEREFORE, the Plaintiff, Kimberly Lawson, demands judgment against all Defendants in an amount reasonably calculated to adequately compensate her for her injuries, together with punitive damages, interest, reasonable attorney's fees, and the costs of this action.

COUNT II
Title VII Of the 1964 Federal Civil Rights Act, as Amended
42 U.S.C. 2000e, et seq.
Retaliation
<u>Kim and Sharlin v. All Defendants</u>

47. The Plaintiffs adopt by reference all above allegations, and further allege:

48. All conditions precedent regarding this Count have been compiled with.

49. In addition to the above mentioned discrimination, Kim and Sharlin were subject to retaliation by all Defendants for opposing unlawful discrimination and/or for asserting rights under this section.

50. All Defendants' above stated conduct was willful, malicious, in bad faith, outrageous, and extraordinary, thereby giving rise to an award of punitive damages.

WHEREFORE, the Plaintiffs, Kimberly and Sharlin Lawson, demand judgment against all Defendants in an amount reasonably calculated to adequately compensate them for their injuries, together with punitive damages, interest, reasonable attorney's fees, and the costs of this action.

COUNT III
Massachusetts General Laws, Chapter 151B
Sexual Harassment and Discrimination
<u>Kim v. All Defendants</u>

51. The Plaintiffs adopt by reference all above allegations, and further allege:

52. All conditions precedent regarding this Count have been compiled with.

53. Kim was subjected to unlawful discrimination by all Defendants in the benefits, terms

and conditions of her employment, as set forth above, on the basis of sex.

54. The above described discrimination directed against Kim had the purpose or effect of unreasonably interfering with her work performance and/or creating an intimidating, hostile, or offensive working environment.

55. A reasonable person under the same or similar circumstances would have had her work performance interfered with and/or psychological well-being seriously affected, and Kim's work performance and/or psychological well-being were so affected.

56. The individual Defendants additionally aided, abetted, incited, compelled and/or coerced the doing of any of the acts forbidden under M.G.L. c. 151B and/or attempted to do so.

57. All Defendants' above stated conduct was willful, malicious, in bad faith, outrageous, and extraordinary, thereby giving rise to an award of punitive damages.


WHEREFORE, the Plaintiff, Kimberly Lawson, demands judgment against all Defendants in an amount reasonably calculated to adequately compensate her for her injuries, together with punitive damages, interest, reasonable attorney's fees, and the costs of this action.


COUNT IV
Massachusetts General Laws, Chapter 151B
Retaliation
Kim and Sharlin v. All Defendants

58. The Plaintiffs adopt by reference all above allegations, and further allege:

59. In addition to the above mentioned discrimination, Kim and Sharlin were subject to retaliation by all Defendants for opposing unlawful discrimination and/or for asserting

rights under this section.

60. All Defendants' above stated conduct was willful, malicious, in bad faith, outrageous, and extraordinary, thereby giving rise to an award of punitive damages.

WHEREFORE, the Plaintiffs, Kimberly and Sharlin Lawson, demand judgment against all Defendants in an amount reasonably calculated to adequately compensate them for their injuries, together with punitive damages, interest, reasonable attorney's fees, and the costs of this action.

THE PLAINTIFF DEMANDS A TRIAL BY JURY UPON ALL COUNTS

Respectfully submitted,
Kimberly and Sharlin Lawson,
By their attorney,

Paul F. Wood, BBO 565195
Law Office of Paul F. Wood, P.C.
45 Bowdoin Street
Boston, Massachusetts 02114
(617) 532-2666

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED IN CLERK'S OFFICE
2005 FEB -4 P 4: 14
U.S. DISTRICT COURT
DISTRICT OF MASS.

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) **Kimberly Lawson v. Inspiration Subs, LLP**

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

   — I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   X II.  195, 368, 400, 440, (441-444), 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.
   *Also complete AO 120 or AO 121 for patent, trademark or copyright cases

   — III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.

   — IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.

   — V.   150, 152, 153.

   *(stamp: 05 10235 JLT)*

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(E)).
   _____

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?   YES ☐   NO ☒

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC 2403)   YES ☐   NO ☒
   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?   YES ☐   NO ☐

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC 2284?   YES ☐   NO ☒

7. DO ALL PARTIES IN THIS ACTION RESIDE IN THE CENTRAL SECTION OF THE DISTRICT OF MASSACHUSETTS (WORCESTER COUNTY) - (SEE LOCAL RULE 40.1(C)).   YES ☐   NO ☒
   OR IN THE WESTERN SECTION (BERKSHIRE, FRANKLIN, HAMPDEN OR HAMPSHIRE COUNTIES)? - (SEE LOCAL RULE 40.1(D)).   YES ☐   NO ☒

8. DO ALL OF THE PARTIES RESIDING IN MASSACHUSETTS RESIDE IN THE CENTRAL AND/OR WESTERN SECTIONS OF THE DISTRICT?   YES ☐   NO ☒
   (a) IF YES, IN WHICH SECTION DOES THE PLAINTIFF RESIDE? _____

9. IN WHICH SECTION DO THE ONLY PARTIES RESIDING IN MASSACHUSETTS RESIDE? **EASTERN**

10. IF ANY OF THE PARTIES ARE THE UNITED STATES, COMMONWEALTH OF MASSACHUSETTS, OR ANY GOVERNMENTAL AGENCY OF THE U.S.A. OR THE COMMONWEALTH, DO ALL OTHER PARTIES RESIDE IN THE
    CENTRAL SECTION: YES ☐ NO ☐   OR WESTERN SECTION; YES ☐ NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME **Paul F. Wood** — Law Office of Paul F. Wood P.C.
ADDRESS **45 Bowdoin Street, Boston, Massachusetts 02114**
TELEPHONE NO. **617-532-2666**

(Categfrm.rev - 3/97)

JS 44
(Rev. 3/99)

# CIVIL COVER SHEET

The JS–44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Kimberly and Sharlin Lawson

**DEFENDANTS**
The Quizno's Inspiration Subs, LLP Quizno's Master, LLC, Julio Bobadilla, Jose Bobadilla, Christina [?], Leonarda Bobadilla

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: Norfolk
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT: ___
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Paul F. Wood
Law Office of Paul F. Wood, P.C.
45 Bowdoin St.
Boston, MA 02114  (617) 532-2666

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury — Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury — Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | **PERSONAL PROPERTY** | ☐ 690 Other |  | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
|  | ☐ 385 Property Damage Product Liability | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☒ 442 Employment / **HABEAS CORPUS:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / ☐ 530 General |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty |  | ☐ 871 IRS — Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights / ☐ 540 Mandamus & Other |  |  |  |
| ☐ 290 All Other Real Property |  ☐ 550 Civil Rights |  |  |  |
|  | ☐ 555 Prison Condition |  |  |  |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

42 USC 2000e et seq discrimination in employment

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

DEMAND $ ___

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ YES  ☐ NO

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE ___    DOCKET NUMBER ___

DATE: 2-4-05

SIGNATURE OF ATTORNEY OF RECORD: [signature]

**FOR OFFICE USE ONLY**
RECEIPT # ___  AMOUNT ___  APPLYING IFP ___  JUDGE ___  MAG. JUDGE ___